**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 7 |
| **WILLIAM NOVAK,** | Case No.: 15-15102/ABA |
| Debtor |  |
| **JOHN SABATINA and LISA SABATINA,** |  |
| Plaintiffs | Adv. Proc. No. |
| v. |  |
| **WILLIAM NOVAK,** |  |
| Defendant |  |

**COMPLAINT OF JOHN AND LISA SABATINA TO DETERMINE THE DISCHARGEABILITY OF DEBT OWED BY THE DEBTOR PURSUANT TO 11 U.S.C.§ 523 AND OBJECTING TO DISCHARGE OF THE DEBTOR PURSUANT TO 11 U.S.C. §727**

John Sabatina and Lisa Sabatina, by and through their attorneys, McDowell Posternock Apell & Detrick, PC, as and for their complaint against William Novak, the debtor herein (the "Debtor"), (A) to determine the dischargeability of the debt owed by the Debtor to the Plaintiffs pursuant to §§ 523(a)(2) of the United States Bankruptcy Code and (B) objecting to the discharge of the Debtor pursuant to Bankruptcy Code §§ 727(a)(3) and 727(a)(4), respectfully set forth and allege as follows:

1. The Debtor filed his Chapter 7 bankruptcy petition on March 24, 2015 in the United States Bankruptcy Court for the District of New Jersey and said case remains pending in

this District.

2. Plaintiffs John and Lisa Sabatina are individuals residing at 1742 Emerson Street, Philadelphia, PA 19152.

3. This adversary proceeding is brought pursuant to Bankruptcy Code Sections 523(a)(2), 727(a)(3) and 727(a)(4) and Rules 4004 and 4007 of the Federal Rules of Bankruptcy Procedure.

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. §157(b).

5. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J).

6. Venue of this adversary proceeding is proper pursuant to 28 U.S.C. § 1409(a).

7. This Complaint seeks a determination that obligations owed by Debtor William Novak to John and Lisa Sabatina are non-dischargeable based on false pretenses, false representations, actual fraud and defalcation and that William Novak failed to keep proper business records and made false oaths in filing his Chapter 7 bankruptcy proceeding and in testimony at his Rule 2004 exam.

## FACTUAL BACKGROUND

8. At all relevant times Debtor William Novak held himself out as a licensed home improvement contractor in the State of New Jersey

9. Plaintiffs John and Lisa Sabatina own real estate located at 204 East Louisville Avenue, Wildwood Crest, New Jersey.

10. In or about February of 2007, Plaintiffs entered into a home improvement contract with Defendant wherein Defendant agreed to demolish an existing kitchen and build a two story

addition at the Plaintiffs' Wildwood Crest home.

11. In entering into the home improvement contract with Plaintiffs, Defendant represented that he intended and had the ability to do the work required therein in accordance with Township building codes, in a workmanlike manner, in accordance with the parties' agreed upon plans and specifications, and in a manner that was safe and suitable for the purposes for which it was intended.

12. Defendants' representations as set forth above were fraudulent in that he knew or had the means and reason to know that they were false, that Plaintiffs would rely on them and that Plaintiffs would suffer detriment and harm as a result.

13. Defendant commenced work on the home improvements on Plaintiffs' Wildwood Crest home, but the work he did was faulty in a multitude of ways.

14. As a result of Defendant's subpar workmanship and fraud, on February 2, 2009, Plaintiffs filed suit in New Jersey Superior Court against Defendant for rescission of the home improvement contract, breach of contract, negligence, fraudulent misrepresentation and violations of the Consumer Fraud Act.

15. On November 9, 2009, Defendant William Novak prepared, signed and recorded a Quit Claim deed transferring his interest in real estate at 2 Geneva Avenue, Del Haven, New Jersey, to his wife, Jone Novak, for no consideration.

16. Before the Superior Court matter went to trial, the parties entered into a Settlement Agreement dated February 11, 2011 wherein Defendant agreed to pay Plaintiffs the sum of $25,000 over the course of 26 months as follows: two monthly payments of $500.00 each, then 24 monthly payments of $1,000.00 each.

17. The Settlement Agreement further provided that if Defendant breached same by failing to make any payment due thereunder, Plaintiffs were entitled to seek judgment in the amount of $38,000 plus attorneys' fees.

18. The Defendant breached. the Settlement Agreement as he failed to make a single payment thereunder. On August 22, 2011, Plaintiffs obtained a judgment against Defendant for $38,300.

19. On or about May 20, 2012, Defendant completed an Information Subpoena served upon him by Plaintiffs and indicated that he had no assets.

20. On September 25, 2013, Plaintiffs commissioned an Investigation Report from Atlantic Investigations, LLC. The Investigation Report, dated October 7, 2013, revealed to Plaintiffs for the first time that Defendant had transferred his interest in the 2 Geneva Avenue property to his wife, Jone Novak, for $1.

21. Upon information and belief, Defendant transferred his interest in the 2 Geneva Avenue property for the purpose of removing it from the reach of Plaintiffs after he was sued for breach of contract, negligence and violations of the Consumer Fraud Act.

22. On or about July 21, 2014, Plaintiffs filed a Complaint in New Jersey Superior Court for fraud as a result of Defendant's transfer of his interest in the 2 Geneva Avenue property to his wife, Jone Novak.

23. The Debtor's bankruptcy petition was filed before Plaintiffs' fraud action went to trial.

24. On October 29, 2015, plaintiffs' counsel took the Rule 2004 exam of Defendant.

25. As of the date of this Complaint, plaintiffs' counsel does not yet have the

transcript from the Rule 2004 exam. However, upon information and belief, the Defendant testified as follows:

    (a)    he did not receive any consideration for the transfer of the property at 2 Geneva Avenue to his wife, Jone Novak;

    (b)    he owns and operates a sole proprietorship contracting business called Mill Run Builders and/or Mill Run Contractors but failed to disclose the existence of that business on his petition and schedules;

    (c)    he owns tools and equipment used in his contracting business but failed to disclose those assets on his petition and schedules;

    (d)    he failed to keep or maintain any records for his contracting business for the years 2012 through 2015;

    (e)    he had no idea why his Schedule I reports that he earns $1,000 per month as "net income from rental property and from operating a business, profession or farm";

    (f)    he had no idea why his Schedule I reports that he earns $1,300 per month in gross wages;

    (g)    he falsely reported on his Schedule J that he paid $1,750 for "rental or home ownership expenses" when in fact his wife pays that expense;

    (h)    he had no idea if the expenses listed on Schedule J were accurate or not.

**COUNT ONE: OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 523(a)(2)**

26. Plaintiffs incorporate by reference the allegations in the above paragraphs as though set forth fully herein.

27. Section 523(a)(2) excepts from discharge a debt "for money, property, services . .

. obtained by (A) false pretenses, a false representation, or actual fraud . . ."

28. Defendant's misrepresentations concerning his intention and ability to do the work at Plaintiffs' home properly resulted in his debt to Plaintiffs for money obtained by false pretenses, false representations and actual fraud.

29. Furthermore, Defendant's transfer of his interest in the Del Haven property to his wife, Jone Novak, for no consideration after being sued by Plaintiffs constituted actual fraud.

WHEREFORE, Plaintiffs request the following, judgment excepting the Debtor's debts to Plaintiffs from discharge pursuant to Bankruptcy Code § 523(a)(2) and for such other relief as is just.

**COUNT TWO: OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(3)**

30. Plaintiffs incorporate by reference the allegations in the above paragraphs as though set forth fully herein.

31. Pursuant to Bankruptcy Code §727(a)(3), the court shall deny the debtor a discharge if "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case."

32. The Debtor failed to keep and/or preserve recorded information, including books, documents, records and papers from which the Debtor's business transactions might be ascertained.

WHEREFORE, Plaintiffs request the following, judgment denying the Debtor a discharge pursuant to Bankruptcy Code § 727(a)(3) and for such other relief as is just.

**COUNT THREE: OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(4)**

33. Plaintiffs incorporate by reference the allegations in the above paragraphs as though set forth fully herein.

34. Pursuant to Bankruptcy Code § 727(a)(4), the court shall deny the debtor a discharge if "the debtor knowingly and fraudulently, in or in connection with the case (A) made a false oath or account; . . ."

35. The Debtor made a false oath by:

   (A) failing to disclose his business assets in his Chapter 7 petition and schedules;

   (B) misrepresenting his income and expenses in his Chapter 7 petition and schedules.

WHEREFORE, Plaintiffs request the following, judgment denying the Debtor a discharge pursuant to Bankruptcy Code § 727(a)(4) and for such other relief as is just.


Dated: November 3, 2015                        *s/Ellen M. McDowell*
                                               Ellen M. McDowell
                                               McDowell Posternock Apell & Detrick, PC
                                               46 West Main Street
                                               Maple Shade, NJ 08052
                                               (856) 482-5544